# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

Case No: 3:20-cv-01544-AWT

Judge: _____

JOEL JAQUEZ, INMATE # 408976
(Plaintiff)

V.

N. McCORMICK, WARDEN - Hartford Correctional Center
Ms. BLACK, Former WARDEN of (H.C.C.)
T. TRALLI, Nurse SUPERVISOR - (H.C.C.)
LT. QUINTANA, SUPERVISOR - (H.C.C.)
LT. RIVERA, SUPERVISOR - (H.C.C.)
K. McCRYSTAL, Medical Doctor - (H.C.C.)
Mr. LAPLANT, M.D. (H.C.C) (DEFENDANTS)

## PLAINTIFF'S CIVIL RIGHTS COMPLAINT
## AND JURY TRIAL DEMAND
## 42 USC §§ 1983

### Jurisdiction And Venue:

This is a civil rights violation complaint authorized by 42 USC §§ 1983, filed by JOEL JAQUEZ, a federal inmate awaiting sentencing at the Hartford Correctional Center (H.C.C.), to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

The Court has Jurisdiction under 28 USC §§ 1331 and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 USC §§ 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 USC §§ 2283, 2284 and Rule 65 of the Federal Rules of Civil Procedure.

-1-

The United States District Court, District of Connecticut, is an appropriate venue under 28 USC § 1391(b)(2) because it is where the events giving rise to this claim occurred.

## PARTIES

1. JOEL JAQUEZ (hereinafter "JAQUEZ") is the Plaintiff in this matter, is a federal inmate temporarily awaiting sentencing at the Hartford Correctional Center ("H.C.C."), is a citizen of the United States, and may be reached at: JOEL JAQUEZ, # 408976, H.C.C., 177 Weston St., Hartford, CT, 06120.

2. Defendant N. McCormick (hereinafter "Warden") is the Warden of H.C.C., is a citizen of the U.S., and may be reached at his place of employment located at: Mr. N. McCormick, H.C.C., 177 Weston St., Hartford, CT 06120. Defendant is being sued in his professional and individual capacity.

3. Defendant Ms. Black (hereinafter "Black") is the "Former" Warden of H.C.C., is a citizen of the U.S., and may be reached at: 177 Weston St., Hartford, CT 06120. Defendant is being sued in her professional and individual capacity.

4. Defendant LaPlant (hereinafter "LaPlant") is the "Former" Medical Doctor at H.C.C., is a citizen of the U.S., and may be reached at: 177 Weston St., Hartford, CT. 06120. Defendant is being sued in her professional and individual capacity.

5. Defendant T. Tralli (hereinafter "Tralli") is a Nurse Supervisor at H.C.C., is a citizen of the U.S., and may be reached at: 177 Weston St., Hartford, CT. 06120. Defendant is being sued in its professional and individual capacity.

6. Defendants LT. Quintana and LT. Rivera are Supervisors at H.C.C., are citizens of the U.S., and may be reached at: 177 Weston St., Hartford, CT. 06120. Defendant is being sued in its individual and Professional capacity.

7. Defendant K. McCrystal (hereinafter "McCrystal") is the 1st Shift Medical Doctor at H.C.C., is a citizen of the U.S., and may be reached at: 177 Weston St., Hartford, CT. 06120. Defendant is being sued in its professional and individual capacity.

## STATEMENT OF FACTS

8. Jaquez has been detained at H.C.C. since on or about January 10, 2017, and is currently awaiting sentencing in the United States District Court.

-3-

9. On or about January 12, 2018 through February 2018, Quintana and Rivera ordered JAQUEZ to remove/clean Mold inside inmate cells. (re: West 3 Block).

10. JAQUEZ has never trained for cleaning or removing any elements concerning Mold.

11. JAQUEZ was ordered to clean/remove Mold by Quintana and Rivera using a cloth rag and a spray bottle containing a cleaning chemical mixed with water. Face mask was denied by Quintana and Rivera.

12. JAQUEZ was not given an option not to clean/remove Mold. JAQUEZ was given a "direct order" by Quintana and Rivera.

13. Prior to January 12, 2018, JAQUEZ did not suffer from any underlining medical health issues.

14. On or about February 1, 2018, JAQUEZ begins to experience nasal-respiratory implications, migraine headaches, and pain.

15. On or about February 10, 2018, JAQUEZ declares an Emergency Medical call concerning respiratory difficulties and nasal constraints. JAQUEZ was seen by an H.C.C. nurse. Nurse denied pain medication during the Seven (7) months treating JAQUEZ nasal medical complaints.

-4-

16. From March 3, 2018 through August 1, 2018, JAQUEZ was treated by H.C.C. nurses at least once a week. Each time, nurses insisted JAQUEZ was experimenting "alergies".

17. On or about August 1, 2018, after many complaints, Doctor McCrystal ordered X-rays for JAQUEZ and prescribed medication to treat nasal congestion, but denied pain medication.

18. On or about September 2, 2018, after the results of the X-rays were examined, Doctor McCrystal referred JAQUEZ to U-Conn Medical for further examination.

19. On or about January 23, 2019, JAQUEZ is transported to U-Conn Medical. Doctor Falcone ("Not a Defendant") treated JAQUEZ and immediately ordered JAQUEZ under-went surgery.

20. On or about March 27, 2019, JAQUEZ returned to U-Conn Medical for a catscan procedure.

21. On or about June 24, 2019, JAQUEZ returned to U-Conn Medical for surgery.

22. On or about July 2, 2019, JAQUEZ returned to U-Conn Medical for a follow up examination.

-5-

23. On July 2, 2019, JAQUEZ during the follow up appointment with doctor Falcone at the U-Conn Medical Center prescribed medication to JAQUEZ and examined how well the surgery was healing. (See Exhibit-A).

24. On August 7, 2018, Doctor McCrystal ordered X-rays. The GE Health Center findings include the following: "Fluid level of maxillary sinus and mucoperiosteal thickening involving left maxillary sinus." Other findings are described in (Exhibit-B).

25. JAQUEZ submitted over (20) twenty Request forms and grievances from February 2018 through June 2020, Complaining to all named-defendants' about his ongoing migraines, nasal severe pain, and respiratory implications, and despite all notices, pain medication continues to be denied by all named defendants.

26. On or about July 2, 2019, Doctor Falcone informed JAQUEZ that a subsequent surgery was likely and that his medical condition would most likely be a life-long condition.

27. JAQUEZ's symptoms began on or about February 2, 2018, immediately after he was ordered by LT. Quintana and LT. Rivera to engage in cleaning/removing Mold and asbestos without trainning or experience to do so. JAQUEZ exposure to the dangerous elements violated and subjected him to unconstitutional conditions of confinement.

-6-

## Claims For Relief

28. The actions of defendants' Black & McCormick in failing to supervise and intervene to prevent the misuse of medical treatment by doctor LaPlant against Jaquez without need or provocation to justify his denial to prescribe pain medication to treat Jaquez's severe pain and chronic headaches (Migraine), was done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. See: McElligott v. Foley, 182 F.3d 1248, 1256-57 (11th Cir. 1999); Estelle v. Gamble, 429 U.S. 97, 105-06, 97 S. Ct. 285, 291-92, 50 L. Ed. 2d 251-60-61 (1976).

29. The actions of defendants' LaPlant and Tralli in denying Jaquez medical treatment for seven months and prescribe pain medication to ease the severe nasal pain without need or provocation constituted the tort of battery under Conn. laws.

30. The failure of defendants' Black and Tralli to take disciplinary action against Doctor LaPlant to curb the known pattern in refusing to treat Jaquez's severe nasal pain, migraine, and respiratory difficulties constituted deliberate indifference to Jaquez's health and safety, and contributed to and proximately caused the above described violation of the Eighth Amendment right and battery under Conn. laws.

-7-

31. The failure of defendants' Tralli and LaPlant in denying JAQUEZ immediate outside hospital treatment and consultation by a specialized doctor, and delaying outside treatment and surgery, constituted deliberate indifference to JAQUEZ's medical needs in violation of the Eighth Amendment to the United States Constitution. Also **See:** DeGidio v. Pung, 920 F.2d 525, 533 (8th Cir 1990); Kikumura v. Osagie, 461 F.3d 1269, 1292 (10th Cir 2006); and Smith v. Knox County Jail, 666 F.3d 1037, 1040 (7th Cir 2012).

## PRAYER FOR RELIEF

WHEREFORE, JAQUEZ respectfully pray this Honorable Court enter judgment granting JAQUEZ:

1. A declaratory that the acts and omissions described herein violated JAQUEZ's rights under the Constitution and laws of the United States.

2. Compensatory damages against each defendant, jointly and severally, in the amount of $800,000.00

-8-

3. Punitive damages in the amount of $800,000.00 against each defendant, jointly and severally.

4. A Jury trial on all triable issues.

5. Jaquez's costs in this suit.

6. Any additional relief this Court deems just and proper, and equitable.

**NOTE:** JAQUEZ RESERVES THE RIGHT TO AMEND THIS COMPLAINT AT A LATER TIME.

### Oath

I hereby under oath and under the penalties of perjury certify that the information contained herein is true and correct to the best of my knowledge and belief.

/s/ Joel Jaquez
JOEL JAQUEZ, PRO-SE
#408976
Hartford Correctional Center
177 Weston St.
Hartford, CT. 06120

Dated: October 1, 2020